**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Grace Woodham</u>

    v.                                          Civil No. 20-cv-304-LM

<u>Tucker Scheffer</u>

**REPORT AND RECOMMENDATION**

    Grace Woodham has filed a complaint (Doc. No. 1), under 42 U.S.C. §§ 1983, 1985, and state tort law, alleging that Tucker Scheffer, her former boyfriend, violated her federal constitutional right to due process, conspired to violate her civil rights and is liable to her under state law for tortious acts he committed against her.  The complaint is here for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  Also before the court for consideration is Ms. Woodham's motion for preliminary injunctive relief (Doc. No. 4).

**Background**

    Mr. Scheffer is the sole defendant in this case.  Ms. Woodham alleges that Mr. Scheffer, who lives in Franconia, New Hampshire, lied to members of the Franconia Police Department ("FPD"), and committed perjury in state court, to obtain a protective order against Ms. Woodham.  Specifically, Ms. Woodham alleges that Mr. Scheffer falsely told the state court and the FPD that she had engaged in certain illegal conduct, which he characterized as verbal threats, harassment, and attempts to

harm Mr. Scheffer and his roommate, Audrey Hall. Ms. Woodham suggests that Mr. Scheffer may have conspired with the FPD to obtain that protective order and to have Ms. Woodham falsely arrested on criminal charges, but acknowledges that the protective order and false arrest may been the result of the court's and FPD's reliance on Mr. Scheffer's false statements.[1]

## Discussion

I. Preliminary Review

The federal district courts have jurisdiction over claims asserting violations of a plaintiff's rights accruing under federal law. See 28 U.S.C. § 1331. Ms. Woodham alleges that by committing perjury in order to obtain a protective order, Mr. Scheffer violated her Fourteenth Amendment right to due process. See Compl. (Doc. No. 1) at 2. The Constitution "erects no shield against merely private conduct, however . . . wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982).

Ms. Woodham appears to rely on two federal statutes (42 U.S.C. § 1983 and § 1985) as providing a cause of action for her

---

[1] The court declines to construe the complaint in this case to assert claims against the FPD, or any member thereof, as Ms. Woodham has filed a separate suit in this court against the FPD and an FPD employee arising out of the events which underlie the claims in this case. See Woodham v. Franconia Police Dep't, No. 20-cv-413-JD (D.N.H.).

2

federal constitutional claims against Mr. Scheffer. Section 1983 provides a cause of action against individuals who, while acting under color of state law, violate the federal constitutional rights of another. See Gray v. Cummings, 917 F.3d 1, 7-8 (1st Cir. 2019) (citing 42 U.S.C. § 1983). Section 1983 does not provide a cause of action, however, for purely private conduct alleged to have an impact on a plaintiff's federal constitutional rights. See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)). A private party is deemed to be a state actor for purposes of § 1983 only under limited circumstances, which are not present here. See generally Blum, 457 U.S. at 1004-05 (describing circumstances under which a private actor can be deemed to be a state actor for purposes of § 1983).

> In order to state a cause of action arising under section 1985(3), a plaintiff must assert (a) racial or class-based discrimination; and (b) interference with a federally protected right. Additionally, a claim of conspiracy must allege facts that suggest a conspiracy rather than set out conclusory allegations that the defendants made an unlawful agreement.

Boyle v. Barnstable Police Dep't, 818 F. Supp. 2d 284, 318 (D. Mass. 2011) (citations omitted). See also Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

Stripped of legal conclusions and speculation, the complaint contains no factual assertions to show that Mr. Scheffer colluded with state actors to violate Ms. Woodham's federal constitutional rights. The mere possibility of a conspiracy, without more, does not provide an avenue for relief. See Jones v. Higgins-O'Brien, No. CV 16-11666-LTS, 2018 WL 935421, at *7, 2018 U.S. Dist. LEXIS 25854, at *20-21 (D. Mass. Feb. 16, 2018) (§ 1983 and § 1985 conspiracy claims subject to dismissal where complaint only conclusorily alleged agreement); Hudson v. MacEachern, 94 F. Supp. 3d 59, 70 (D. Mass. 2015) (same). Accordingly, the district judge should dismiss Ms. Woodham's claims asserted under § 1983 and § 1985 for failure to state a claim upon which relief can be granted, thus leaving no federal claims in this case.

C.   Diversity Jurisdiction under 28 U.S.C. § 1332(a)

The federal court has original jurisdiction over claims arising under state law only where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331(a). Ms. Woodham cannot invoke the diversity jurisdiction of this court over her state law claims against Mr. Scheffer because both she and the defendant are citizens of New Hampshire.

D.   Supplemental Jurisdiction under 28 U.S.C. § 1367

To the extent Ms. Woodham relies on this court's supplemental jurisdiction to litigate any of her remaining claims against Mr. Scheffer in this case, the court has discretion to decline to exercise such jurisdiction.  See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); see also 28 U.S.C. § 1367(c)(3) (federal court may decline to exercise supplemental jurisdiction over state law claims where all claims arising under court's original jurisdiction have been dismissed).  For reasons stated above, the federal claims in this case should be dismissed for failure to state a claim, and her allegations do not provide a basis for exercising diversity jurisdiction over any of her claims.  Pursuant to § 1367(c)(3), the court should decline to exercise supplemental jurisdiction over any claims here that arise under state law, and those claims should be dismissed without prejudice to plaintiff's ability to file them in a state court of competent jurisdiction.

II.  Request for Preliminary Injunctive Relief

Ms. Woodham has requested injunctive relief in this action, specifically, an injunction directing the Grafton County Department of Corrections to provide her with certain financial paperwork to allow her to obtain in forma pauperis ("IFP")

5

status in this case.  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

    Here, because Ms. Woodham has failed to state any federal claim upon which relief might be granted, and the court should decline to exercise supplemental jurisdiction over any state law claims she may have, she has necessarily failed to demonstrate that she is likely to succeed on any of the claims asserted in this case.  For that reason alone, her request for injunctive relief should be denied.  Additionally, Ms. Woodham's request for injunctive relief concerning IFP paperwork is moot, as she has been granted IFP status in this matter.  See Order (Doc. No. 5) (granting plaintiff's request to proceed IFP).  Accordingly,

the district judge should deny Ms. Woodham's motion for preliminary injunctive relief (Doc. No. 4).

## Conclusion

For the foregoing reasons, the district judge should: (1) deny Ms. Woodham's motion seeking preliminary injunctive relief (Doc. No. 4); and (2) dismiss this action in its entirety, without prejudice to Ms. Woodham's ability to file an action in state court against Mr. Scheffer, asserting any state law claims she may have.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

January 29, 2021

cc: Grace Woodham, pro se