UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Grace Woodham

    v.                                        Civil No. 20-cv-304-LM

Tucker Scheffer

## O R D E R

The court dismissed this case on February 24, 2021, finding that Plaintiff Grace Woodham had failed to assert any cognizable federal claim for relief against the sole defendant identified in the complaint, Tucker Scheffer.  See Feb. 24, 2021 Order (doc. no. 7) (approving Jan. 29, 2021 R&R (doc. no. 6) ("January 29 R&R")); see also Feb. 25, 2021 J. (doc. no. 8).  The court subsequently denied Ms. Woodham's motion to reconsider the court's dismissal of her complaint.  See Aug. 10, 2021 Order.  Ms. Woodham then made the following filings in this case:

- Complaint against Audrey Hall (doc. no. 12);
- Motion to Appoint Counsel (as Guardian ad Litem) (doc. no. 13); and
- Motion to Amend (doc. no. 14).

After filing those documents, but before the court ruled on them, Ms. Woodham filed a notice of appeal (doc. no. 15), appealing the court's denial of her motion to reconsider the dismissal of this case, to the First Circuit Court of Appeals. Ms. Woodham's appeal is still pending in the First Circuit.  See Woodham v. Scheffer, No. 21-1788 (1st Cir., filed Oct. 15, 2021).

### Amended Complaint (doc. no. 12), and
### Motion to Appoint Co-Counsel as Guardian ad Litem (doc. no. 13)

This case is closed. Accordingly, the court declines to consider Ms. Woodham's amended complaint (doc. no. 12), or motion for co-counsel/guardian ad litem (doc. no. 13), unless and until this case is reopened. As explained below, Ms. Woodham has not at this time demonstrated that she is entitled to such relief. Accordingly, the Amended Complaint (doc. no. 12) is DISMISSED and the motion for court-appointed co-counsel (doc. no. 13) is DENIED. The denial is without prejudice to Ms. Woodham's ability to seek any appropriate relief if her appeal is successful, or her ability to obtain post-judgment relief in this matter under Rule 60(b) of the Federal Rules of Civil Procedure.[1]

### Motion to Amend (doc. no. 14)

In her motion to amend (doc. no. 14), it appears Ms. Woodham is seeking relief from the judgment of dismissal in this case. She asserts that she "attempted

---

[1] While the Court denies Ms. Woodham's request for court-appointed counsel/guardian ad litem in this closed case, it acknowledges that Ms. Woodham has previously been found incompetent to stand trial on criminal charges in state court, see Jan. 12, 2021 Order, State v. Woodham, No. 214-2019-CR-214 (N.H. Super. Ct., Grafton Cty.), and further, that it appears she has been civilly committed by the state court pursuant to N.H. Rev. Stat. Ann. § 135:17-a, V. Therefore, should Ms. Woodham's pending appeal be successful, or if she successfully obtains relief from judgment, the court may take up the issue, at that time, as to whether Ms. Woodham has the capacity to proceed pro se in this matter, under Rule 17(c) of the Federal Rules of Civil Procedure, and may reconsider whether appointing an attorney or guardian ad litem is appropriate to protect Ms. Woodham's interests.

to amend [her] pleading to cure the defects" identified in the January 29 R&R, and filed a timely objection to the January 29 R&R "which appears to have been lost." Doc. no. 14, at 1.  Ms. Woodham also asserts that she has "another legal argument which would render these facts clearly a federal question outside the scope of § 1983." Id.

Liberally construed, Ms. Woodham's motion should be considered to be a motion for relief from judgment filed pursuant to Rule 60(b).[2]  A litigant seeking relief under Rule 60(b) "must establish, at the very least, that [her] motion is

---

[2]Rule 60(b) states, in relevant part, as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside," she can "mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Rivera–Velázquez v. Hartford Steam Boiler Insp. & Ins. Co., 750 F.3d 1, 3–4 (1st Cir. 2014).

The motion to amend does not meet that standard. Although Ms. Woodham asserts that she has another legal argument to support her case, she neither states what that argument is nor explains how it entitles her to relief from judgment. Accordingly, the court construes the motion to amend as a motion filed under Rule 60(b) and denies it. The denial is without prejudice to Ms. Woodham's ability to file an amended Rule 60(b) motion seeking relief from the judgment of dismissal in this case, and asserting facts and legal arguments demonstrating entitlement to such relief.[3]

## Conclusion

For the reasons explained herein, the court now directs as follows:

1. Plaintiff's amended complaint (doc. no. 12) is DISMISSED.

2. Plaintiff's motion for co-counsel/guardian ad litem (doc. no. 13) is DENIED, without prejudice.

---

[3] While the appeal in this case generally precludes this court from ruling on matters concerning the substance of the appeal, a litigant may file a Rule 60(b) motion while an appeal is pending. See United States v. Naphaeng, 906 F.3d 173, 177 (1st Cir. 2018) (where Rule 60(b) motion filed while appeal is pending, a court may deny that motion or, if inclined to grant the motion, may seek a stay of the appeal and seek remand of the matter from the Court of Appeals).

3. Plaintiff's motion to amend (doc. no. 14) is construed as a Rule 60(b) motion and DENIED, without prejudice to the plaintiff's ability to file an amended Rule 60(b) motion, asserting facts and legal arguments demonstrating an entitlement to such relief.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

March 10, 2022

cc: Grace Woodham, pro se