US Court... n K. Moushegian
Woodham v. Scheffer  20-cv-304-LM        General counsel     3/20/22 to US-DNH
                                                                          Court by w. Grace Woodham
Motion to Amend Rule 60(b) motion      304-LM       I also have a copy of my Grafton    pro per
                                                                          Jail mail log which
As I understand it, the timeline of events proceeded as such:    should be filed under
  ① I rec'd R&R, I responded to R&R; response was lost           this docket as an
  ② I amended the complaint to definitively state a federal claim    exhibit but can
  ③ The judge endorsed the magistrate judge's order              send again.
  ④ I filed 2 motions for reconsideration one of which was lost or otherwise not ruled on.
  ⑤ At some point I filed an amended complaint to include defendant Audrey Hall.

With regards to the merits of my argument, I would like to refer my reader to the ①st amended complaint. If this is lost or missing as well I am requesting leave to resubmit it, as well as amend this motion to include greater detail. I will summarize it here:
Judging from the video evidence submitted to my defense atty, Mr Scheffer appears to be an agent of Franconia PD; as I remember it they put together a restraining order for him and explicitly ordered him to report to them any potential violations, to which he agreed. This would appear to make him an agent of the police according to NH caselaw, specifically the doctrine of "implied actual authority" which is, "whether the agent reasonably believed, because of the conduct of the principal,... communicated either directly or indirectly to him that the principal so desired him to act," Sinclair v. Town of Bow 125 NH 388 (1984) — which appears to encapsulate this dynamic perfectly. To be clear, it appears that Mr Scheffer did not seek a restraining order of his own accord and only at the instructions of the police, which was done solely to facilitate my arrest as its unlikely he felt in any danger. The Supreme Ct has found that state action exists "where private parties make extensive use of state procedures with "the overt significant assistance of state officials," Tulsa Professional Collection Svcs v. Pope 485 US 486 (1988). Undoubtedly this court is familiar with Lugar v. Edmonson Oil Co 457 US 922 (1982) in which a creditor was found to have acted under color of state law when using an unconstitutional attachment procedure, giving rise to a §1983 claim. It's not a stretch to argue from here that a private citizen might be acting "under color of law" when filing for a protective order which did not meet probable cause, or rather, the statutory requirements of such. at urging of the police
I want to reiterate that I'm seeking 2 causes of action for a federal law claim, one that the defendant had a symbiotic relationship with Franconia PD as per Wilmington Pkg Authority, Lugar, and the 2nd that that he was a common-law agent of the police. Either way, any liability Mr Scheffer has toward me is inextricably intertwined with that of Franconia PD; as I've mentioned previously in my neverending stream of motions and other amateurish efforts at the practice of law, my final goal is to merge this claim with that against Franconia, which I expect this court might do for me as it appears they're mandatory codefendants under FRCP.
I put this argument to the court prior to dismissal, something happened to it; it was not seen; something happened to my timely response to R&R. This mistake, inadvertence, excusable neglect; please reverse.

## Motion to Amend (upon end of stay)

If my motion 60(b) or pending appeal is successful I wish to amend this claim by adding any claim thus far not included in my original complaint, which are in the 60(b) motion. (probably just the RICO one).

Mailed 3/20/22 by W Grace Woodham, pro per, from SPU, Concord.

US Court - DNH — please add this to complaint thx.
Woodham v. Scheffer 20-cv-304-LM
Amendment of 60(b) Motion Con't — I might have a RICO claim, I'm serious....

Unbelievably (incredibly?) I also have a RICO claim. The essential elements of a RICO claim are: (1) the defendant (2) through the commission of 2 or more acts (3) constituting a "pattern" (4) of "racketeering activity", (5) directly or indirectly participates in (6) an "enterprise", (7) the activities of which affect state & foreign commerce, see (42 § 1962, or see R&R of an civil RICO claim) where Franconia PD is the "enterprise" and the "pattern" of "racketeering activity" are the tortious act described in the R&R of this complaint, which fall snuggly under the ambit of 18 USCS § 1343 "wire fraud" and 18 § 1503 "obstruction of justice."

The property interest at stake is my contract with LU 567 as an indentured apprentice electrician, including future wages with that entity, see Diaz v. Gates, 420 F.3d 897 (en banc, 9th Circ 2006)
please note IBEW 567 is in Maine, which is the only reason this works??

Civil RICO claims are ridiculous but I checked the caselaw; I think I have credible argument here.

Mailed to DNH — US Court by L. Grace Woodham, pro per 3/20/22