UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Grace Woodham

   v.                                                                           Civil No. 20-cv-304-LM

Tucker Scheffer

**O R D E R**

The court dismissed this case on February 24, 2021, finding that Plaintiff Grace Woodham had failed to assert any cognizable federal claim for relief against the sole defendant identified in the complaint, Tucker Scheffer.  Doc. no. 7 (approving Jan. 29, 2021 R&R (doc. no. 6)); see also doc. no. 8.  In an order dated August 10, 2021, the court denied Woodham's motion to reconsider the court's dismissal of her complaint.   Woodham then made various additional filings, including a motion to amend (doc. no. 14), which the court construed liberally as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  Doc. no. 18.  The court denied Woodham's Rule 60(b) motion, stating that Woodham had not established that her motion was "timely; that exceptional circumstances exist[ed], favoring extraordinary relief; that if the judgment [was] set aside," she could "mount a potentially meritorious claim or defense; and that no unfair prejudice [would] accrue to the opposing parties should the motion be granted." Rivera-Velázquez v. Hartford Steam Boiler Insp. & Ins. Co., 750 F.3d 1, 3-4 (1st Cir. 2014).  The court noted that the denial was without prejudice to Woodham's ability

to file an amended Rule 60(b) motion asserting facts and legal arguments demonstrating she is entitled to such relief.

Woodham has now filed that amended Rule 60(b) motion. Doc. no. 19. She asserts that Scheffer was acting under color of state law because he "appears to be an agent of the Franconia [Police Department]" because "they put together a restraining order for him and explicitly ordered him to report to them any potential violations, to which he agreed." Doc. no. 19 at 1. She asserts that "Scheffer did not seek a restraining order of his own accord and only at the instructions of the police." Id. She argues this meant Scheffer acted under color of state law because he "acted together with or . . . obtained significant aid from state officials" under Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). In the alternative, Woodham argues that Scheffer was a "common-law agent of the police" and had "implied actual authority" under Sinclair v. Town of Bow, 125 N.H. 388 (1984).

The court denies Woodham's amended Rule 60(b) motion (doc. no. 19) because she has not shown that she can "mount a potentially meritorious claim or defense." Rivera-Velázquez, 750 F.3d at 3-4. Stripped of legal conclusions and speculation, Woodham's motion contains inadequate factual assertions to show that she could mount a potentially meritorious claim that Scheffer colluded with police to violate her constitutional rights. See doc. no. 6 at 4. As to Woodham's alternative legal theory, she has not shown how the doctrine of implied actual authority could give rise to a civil lawsuit against Scheffer. On that basis, too, she has failed to show she can "mount a potentially meritorious claim or defense." Rivera-Velázquez, 750 F.3d

at 3-4.  For these reasons, Woodham's amended Rule 60(b) motion (doc. no. 19) is denied.

    SO ORDERED.

                                                _____
                                                Landya McCafferty
                                                United States District Judge

July 26, 2022

cc:  Grace Woodham, pro se